IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHNATHAN ROY RIDGE #87414 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv306 |
| GREGG COUNTY SHERIFF OFFICE, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Johnathan Roy Ridge, an inmate of the Gregg County Jail proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights in jail. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Relevant Procedural History and Alleged Facts**

Plaintiff's original pleading complained that a jail kiosk had been inoperable for several days and sought money damages for various types of emotional distress. (Dkt. #1.) Because Plaintiff did not identify a responsible party for the kiosk problems or explain how the broken kiosk violated his federal rights, the Court ordered him to file an amended complaint. (Dkt. #4.) Specifically, the Court instructed Plaintiff in his amended complaint to "explain in detail how, when, and where his constitutional rights were allegedly violated, identify the defendants responsible for each violation, specify how each defendant personally violated his constitutional rights, explain how he was harmed or injured by those violations, and specify the relief he seeks from each defendant." (*Id.* at 2.)

Plaintiff filed his amended complaint on August 28, 2023. In it, he does not mention the kiosk that was the focus of his original pleading. Instead, he complains that he has not been

receiving all of his legal mail in jail, which he theorizes is because there is another inmate named Johnathan in the jail. (Dkt. #10-1 at 1.) He says he has filed four other lawsuits from jail in which he did not receive all expected legal mail. (*Id.* at 3.) Plaintiff alleges that this is evidence of negligence and that "they have been get[t]ing [his] name mixed up" with another inmate. (*Id.* at 4.)

Plaintiff names the Gregg County Sheriff, staff, officers, and office "et al." as Defendants and seeks $99,000 in damages. (Dkt. #10 at 4; Dkt. #10-1 at 1.)

**II. Legal Standards and Preliminary Screening**

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, and he is proceeding *in forma pauperis*, so his Amended Complaint is subject to preliminary screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). Those statutes direct *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under Section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, No. SA-16-CV-284-DAE (PMA), 2016 WL 2344231, at *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless,

2

fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**III. Discussion and Analysis**

The Court understands Plaintiff to claim a violation of his right to access the courts. An inmate claiming that some obstacle to his litigation violated his First Amendment right to access the courts "must go one step further and demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To state a claim under this standard, the inmate must be able to point to some actual injury to his litigation:

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id.* The nature of the underlying litigation is also material to this analysis. "[T]he inmate must show that a nonfrivolous, arguable claim he wished to bring has been lost or rejected due to the deficiency or that the deficiency is currently preventing his presentation of such a claim" and "[t]he underlying claim must be described well enough to apply the frivolity test and to show that its 'arguable nature . . . is more than hope.'" *Sanchez v. Stephens*, 689 F. App'x 797, 799 (5th Cir. 2017) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

The amended complaint in this case does not satisfy that standard. He does not provide the styles or docket numbers for the other lawsuits about which he complains of missing mail, and he does not identify any injury to those lawsuits attributable to the allegedly missing mail. His vague allegation of missing mail, without any identifiable injury to otherwise viable litigation, is not sufficient to establish a constitutional violation. Moreover, Plaintiff affirmatively acknowledges that any missing mail is attributable to a mix-up or negligence at worst, but "[m]ere negligence does not violate the Constitution." *Snow v. Winston*, 447 F. Supp. 883, 885 (W.D. La. 1978); *see*

*also* McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010) ("[N]egligence, even gross negligence, does not violate the Constitution.").

**IV. Conclusion**

For the reasons set forth above, Plaintiff's amended complaint fails to state a claim upon which relief can be granted against any Defendant. Dismissal is appropriate where Plaintiff has already been permitted to amend his complaint but still fails to state a viable claim. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions"); *Garcia v. City of Lubbock, Texas*, 487 F. Supp. 3d 555, 566 (N.D. Tex. 2020) (dismissing where inmate had "already amended his complaint once" and been afforded "an opportunity to further flesh out his claims").

RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2) for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 29th day of September, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE